UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUCIANO ANDRE DA SILVA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-12563-LTS |
| ANOTONE MONIZ et al., | ) ) ) | |
| Respondents. | ) ) ) | |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

October 20, 2025

SOROKIN, J.

Luciano Andre Da Silva, a citizen of Brazil who is presently in immigration detention, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is ALLOWED to the extent, and for the reasons, explained below.

Da Silva entered the United States in 2003 without inspection or valid entry documents, and without encountering federal immigration authorities. Doc. No. 1 ¶ 15; Doc. No. 6-1 ¶ 6. During the past twenty years, he was arrested in Massachusetts three times and charged with violations of state criminal statutes. See Doc. No. 6-1 ¶¶ 7–12. Though each arrest led to a conviction for a regulatory or misdemeanor offense, none triggered any action by federal immigration authorities. See id. On September 11, 2025, Da Silva was arrested by Immigration and Customs Enforcement officers during a motor-vehicle stop, and the officers initiated removal proceedings the next day. Id. ¶¶ 13–14.

Da Silva instituted this action by filing a habeas petition the day after his arrest. Doc. No. 1. When the respondents answered the petition a week later, they noted that a proceeding was

scheduled before an immigration judge ("IJ") in Da Silva's removal case that would include consideration of Da Silva's request for a custody redetermination (i.e., bond). Doc. No. 6-1 ¶¶ 15–16. The Court directed the parties to provide an update about the outcome of that proceeding by September 30, 2025. Doc. No. 9. The parties complied, notifying the Court on September 29, 2025, that the IJ had denied bond after finding Da Silva was subject to mandatory detention. Doc. No. 10. However, neither the status report nor the IJ's order, a copy of which the parties had provided, identified the federal immigration statute upon which the IJ had relied in making the mandatory-detention finding.[1] See Doc. No. 10-1.

Thereafter, the Court ordered supplemental briefing from both parties regarding whether, and on what basis, Da Silva is subject to mandatory detention. Doc. Nos. 11, 13. Having received and reviewed those submissions, Doc. Nos. 12, 14, it is now clear that the dispositive question presented by this petition and within this Court's habeas jurisdiction echoes an issue the Court has evaluated in a string of other cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.

The respondents' most recent submission helpfully explains that the Department of Homeland Security opposed Da Silva's request for bond, and the IJ ultimately denied it, based on the government's present view that he "is an applicant for admission and properly subject to mandatory detention under 8 U.S.C. § 1225(b)." Doc. No. 14 at 3. The bond hearing did not

---

[1] The Court is aware from other recent cases of the government's view that a broad category of noncitizens who entered the country without authorization are subject to mandatory detention under 8 U.S.C. § 1225(b). Here, the respondent also described Da Silva's prior convictions in state court, raising a question regarding whether he might also be subject to mandatory detention under 8 U.S.C. § 1226(c). The status report and the IJ's perfunctory order shed no light on which of these statutes undergirded the recent determination to deny bond to Da Silva.

2

feature any argument or consideration of whether Da Silva's criminal convictions trigger mandatory detention under § 1226(c).  Id.  Though the respondents "maintain that this was the correct decision," they "acknowledge . . . that this Court has found otherwise in similar cases." Id. at 4 (citing Garcia and Encarnacion).  Recognizing "that the Court w[ill] likely reach the same result here if it follows the same reasoning expressed in those cases," the respondents suggest that the proper remedy in the event of an order granting Da Silva's petition would be a new bond hearing, rather than immediate release.  Id.

As the respondents correctly anticipated, the Court adheres to its prior decisions and concludes Da Silva is not subject to mandatory detention under 8 U.S.C. § 1225(b) for reasons the undersigned and various other sessions of this Court have explained previously.  See, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).  The Court agrees with the respondents that it is for the IJ, and not this Court, to determine what (if any) impact Da Silva's prior convictions have on his eligibility for bond under § 1226.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall provide Da Silva with a bond redetermination hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] 2) the respondents shall not oppose or deny bond to Da Silva on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and 3) the

---

[2] At the hearing, consistent with the statute and its implementing regulations, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, proving by a preponderance of the evidence that he is a flight risk, or establishing that his criminal record precludes his release under § 1226(c).  See Oliveira Gomes, 2025 WL 1869299, at *8.

respondents shall not retaliate against Da Silva in the context of the bond hearing or otherwise for filing this federal habeas petition.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                              United States District Judge